DUFRESNE, Judge.
The plaintiff, Phyllis Copeland filed suit against the defendants, Salon Cleaners, Inc. and its liability insurer for damages allegedly sustained to her wedding dress. Subsequently, the defendant requested the plaintiff to produce the sales receipt or any other proof of purchase. Failing to produce evidence of purchase, the trial court on January 27, 1981 ordered the plaintiff to produce proof of purchase and value within thirty days under penalty of dismissal with prejudice. On February 26th, the plaintiff did produce an affidavit signed by her asserting ownership and indicating she was unable to obtain evidence of purchase (Store from which the wedding dress was purchased has gone out of business).
The trial court granted the defendants’ Motion to Dismiss based upon the failure of plaintiff to furnish the necessary proof of purchase within the thirty day period as ordered by the court.
From this judgment of dismissal, the plaintiff has appealed.
Two issues were raised on appeal:
1.) Whether the affidavit was produced within the 30 day limit imposed by the court and,
2.) Whether the affidavit as produced by the plaintiff-appellant complied with the judge’s order.
As to the first issue, we feel the filing of the affidavit on February 26th was timely. Louisiana Code of Civil Procedure, Article 5059 is controlling with regards to computing the time element.
In regards to the second issue concerning whether the affidavit submitted complies with the court order; the court order of January 27, 1981 required the plaintiff-appellant to produce the original sales slip or a copy of the original sales slip or a document such as a book entry or certificate certifying the price and sale of the dress in question between the vendor of the dress and the plaintiff. (Emphasis added)
The plaintiff-appellant produced an affidavit signed by herself asserting the value, etc. of the dress. Although we feel this affidavit is self-serving in this instance, it does comply with the court order. It does leave a lot to be desired and if the plaintiff-appellant cannot produce more accurate and more precise evidence, her case may fail; however, we feel she should have her day in court.
For the foregoing reasons, the judgment appealed from is reversed and the matter is remanded to the trial court for trial on the merits.
REVERSED AND REMANDED.